```
              UNITED STATES DISTRICT COURT FOR THE
                    DISTRICT OF NEW HAMPSHIRE
```

<u>United States of America</u>

    v.                              Criminal No. 06-cr-161-JD

<u>Eugene Williams</u>

O R D E R

On March 11, 2008, Eugene Williams pleaded guilty to drug charges, and he was sentenced in August of 2008 to serve ninety-six months in prison followed by a three-year term of supervised release.  The court recommended that Williams participate in an intensive drug education and treatment program and that at the appropriate time, the Bureau of Prisons consider releasing Williams into the Delancy Street Foundation Program.  After his "Motion to Address Sentencing Issue" was denied on September 15, 2009, Williams sent a letter, which was docketed as a motion to amend the judgment with respect to his sentence.  The court directed United States Probation and Pretrial Services to respond to Williams's motion, and the response has been filed.

Discussion

In his motion, Williams explains that he is serving his sentence at the Federal Correction Institution in Fairton, New Jersey ("FCI-Fairton"), where he has participated in the "Life

Skills Programs" but that he needs a drug rehabilitation program. Williams represents that he has spoken with Dr. Rodondo, the coordinator of the "500 Hour Residential Drug Abuse Program" at FCI-Fairton, who told Williams that the Program would not help him because it provides only four hours of treatment each day, leaving Williams in the same prison population the remainder of the time.  Williams further represents that Dr. Rodondo recommended that Williams have long-term treatment, for a minimum of two years, with constant supervision.

   Williams argues that if he were released after serving his 96 month sentence to a two-year drug treatment program such as the Delancy Street Foundation Program, his sentence would effectively be increased to 120 months.  He asks that the judgment be amended to reduce his sentence by 24 months and that a two-year minimum drug program be added as part of his supervised release.  As such, Williams requests that the terms of his sentence be changed.

   In response to Williams's motion, a probation officer contacted Dr. Rodondo at FCI-Fairton.  Dr. Rodondo confirmed that he has met with Williams several times to discuss his eligibility for the 500 Hour Program, that Williams was eligible to participate in the program but decided not to participate when he learned that because of prior convictions, he would not earn a

sentence reduction through participation. Dr. Rodondo stated that he did not tell Williams that he would not benefit from the 500 Hour Residential Drug Abuse Program and, to the contrary, told him that the 500 Hour Residential Drug Abuse Program would increase his chance of success in a community-based program after he is released from prison. The probation officer also notes that the procedural posture of this case precludes the relief Williams seeks.

In essence, Williams requests a modification of his sentence to incorporate the time he would spend in a drug treatment program. The court's authority to modify a term of imprisonment, after it has been imposed, is limited to the circumstances provided in 18 U.S.C. § 3582(c). The grounds Williams provides to support his motion do not state a basis for modification cognizable under § 3582(c). In addition, the court notes that Dr. Rodondo does not support Williams's representations as to the lack of benefit to him from the 500 Hour Residential Drug Abuse Program available at FCI-Fairton.

## Conclusion

For the foregoing reasons, the defendant's motion (document no. 69) is denied.

SO ORDERED.

*Joseph A. DiClerico, Jr.*
Joseph A. DiClerico, Jr.
United States District Judge

January 6, 2010

cc: Jennifer C. Davis, Esquire
    John T. Pendleton, Esquire
    Eugene Williams, pro se