```
             UNITED STATES DISTRICT COURT FOR THE
                   DISTRICT OF NEW HAMPSHIRE
```

United States of America

    v.                              Criminal No. 06-cr-161-JD

Eugene Williams


O R D E R

Eugene Williams, now proceeding pro se, moves to reduce his sentence because he cannot afford to obtain a residence and a telephone, which will be necessary upon his release at the end of his term of imprisonment, while paying rent for the halfway house where he is currently residing. He asks that the court eliminate the last months of his term of imprisonment and allow him to begin serving the three years of supervised release. The government objects to early release on the grounds that Williams does not meet the requirements for sentence modification under 18 U.S.C. § 3582(c).


Background

In March of 2008, Williams pleaded guilty to four counts of distributing cocaine and cocaine base crack. He was sentenced to concurrent terms of ninety-six months of imprisonment on each count to be followed by three years of supervised release. Williams represents that he served his time at FCI-Fairton in New

Jersey until he moved to Hampshire House in Manchester, New Hampshire, and that he has done very well during his prison time.

The government states that Williams's expected release date is September 10, 2013. The government also states that the Bureau of Prisons has qualified Williams for home confinement. If Williams is compliant at Hampshire House, maintains his employment, and finds a suitable residence, the Bureau could choose to place him in home confinement before his release date.

While at Hampshire House, Williams is working at E & R Cleaners. Williams explains that twenty-five percent of his pay is deducted to pay rent at Hampshire House and another twenty-five percent is put into a savings account. In preparation for the supervised release portion of his sentence, Williams has rented a room, for $135.00 per week, and he anticipates that his telephone bill will be about $29.00 per month. He states that he could afford his expenses if he were released from Hampshire House and did not have to continue to pay rent there.

## Discussion

"Once a district court imposes a term of imprisonment, it may modify that term only to the extent authorized by 18 U.S.C. § 3582(c)." United States v. Griffin, 524 F.3d 71, 83 (1st Cir. 2008). When the Director of the Bureau of Prisons moves for a

reduction in the term of imprisonment, the court may modify the sentence because extraordinary or compelling reasons warrant the modification or because the defendant is at least seventy years old and has served at least thirty years in prison. 18 U.S.C. § 3582(c)(1)(A). The court, without a motion from the Director, may modify a term of imprisonment on the grounds provided by a statute or under Federal Rule of Criminal Procedure 35. The court also may modify a term of imprisonment, sua sponte or on the defendant's or the Director's motion, when the applicable sentencing range was subsequently lowered by the Sentencing Commission. § 3582(c)(2).

As the government contends, none of the bases for modifying a sentence under § 3582(c) applies to Williams's case. While Williams's reasons for seeking early release are commendable, his situation does not meet the requirements of § 3582(c). The Director of the Bureau of Prisons has not moved for a sentence modification, and the government did not seek a reduction under Rule 35. Williams is not at least seventy years old and has not served at least thirty years in prison. In the absence of statutory authority, the court cannot modify Williams's sentence. <u>Griffin</u>, 524 F.3d at 84.

Conclusion

For the foregoing reasons, the defendant's motion for sentence reduction (document no. 82) is denied.

SO ORDERED.

*Joseph A. DiClerico, Jr.*
Joseph A. DiClerico, Jr.
United States District Judge

May 9, 2013

cc: Seth R. Aframe, Esquire
Jennifer C. Davis, Esquire
John T. Pendleton, Esquire
Eugene Williams, pro se